IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA VASQUEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-02509-E |
| TIMOTHY HILL, INDIVIDUALLY, AND XPO LOGISTICS EXPRESS, LLC | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Parties Joint Motion to Remand. (Doc. 9). Based on the Joint Motion, the arguments of the Parties, and the Parties Binding Stipulation and Rule 11 Agreement Limiting Plaintiff's Damages and Amount in Controversy, the Court GRANTS the Joint Motion as follows.

## I. BACKGROUND

This dispute arises from a motor vehicle accident that, as alleged, occurred on October 23, 2021, in Dallas County, Texas. In her state-court petition, Plaintiff asserted claims of negligence, vicarious liability, negligent hiring, negligent training and supervision, and negligent retention. (Doc. 1-5 at 4-6).[1] On October 24, 2021, Defendant XPO Logistics Express, LLC (XPO) noticed removal to federal court. (Doc. 1). Ultimately, the case was transferred to this Court. (Doc. 6). It is undisputed that diversity of citizenship exists between the Parties. However, on November 9, 2022, the Parties entered a stipulation, which states, *inter alia*:

> Plaintiff does not now, did not at the time she filed her original petition or at the time of the removal of the action, nor will she ever seek damages in an amount to

---

[1] The Court offers no opinion as to whether any of these causes are cognizable or actionable.

>  exceed $75,000, exclusive of interest and costs, for any cause of action, pled now or in the future, regarding the incident forming the basis of this suit.
>  . . . .
>  Plaintiff makes this stipulation with the intention that it be binding on her now and in the future, and with the understanding that it will preclude her from receiving a judgement against Defendants of any amount above $75,000, exclusive of interest and costs, in this Court or any other, for any cause of action regarding the incident forming the basis of this suit.

(Doc. 8 at 1-2). Thereafter, the Parties filed the Joint Motion, seeking a remand back to the state court where it was originally filed. (Doc. 9 at 3).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. For subject matter jurisdiction to be based on diversity, diversity of citizenship is essential. *See* 28 U.S.C. § 1332. Furthermore, pursuant to § 1332, a federal court may exercise diversity subject-matter jurisdiction "over a civil action between citizens of different States *if the amount in controversy exceeds $75,000.*" *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016); *See* 28. U.S.C. § 1332(a) (emphasis added).

In addition, motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430–31 (E.D. Tex. 2013) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) and *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### III.  ANALYSIS

The issue before the Court is whether to remand this case to state court—due to a lack of federal diversity jurisdiction under § 1332—because the amount in controversy does not exceed $75,000. *See* 28. U.S.C. § 1332(a). At the time of removal, Plaintiff's state-court Petition stated "the monetary relief sought is between more than $10,000.00 but less than $250,000.00" in accordance with the Texas Government Code. TEX. GOV'T CODE ANN. § 24.007(b) ("A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest."). Otherwise, it is not facially apparent from the Petition that the amount in controversy exceeded $75,000 at the time of removal. (Doc. 1-5); *see Gebbia*, 233 F.3d at 883 (discussing remand and jurisdiction in context of amount in controversy).

Here, the Parties have stipulated that the amount in controversy did not exceed $75,000 at the time of removal and that Plaintiff is precluded from "receiving a judgement against Defendants of any amount above $75,000." (Doc. 8 at 1-2). Under these circumstances, the Court must find and conclude that it lacks subject matter jurisdiction over these claims. As such, this case is hereby REMANDED for lack of subject matter jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Joint Motion to Remand and REMANDS this case to the 101st Judicial District Court of Dallas County, Texas, with each party to bear its own costs. All other pending motions before this Court are denied.

(*Signature Page Follows*)

**SO ORDERED.**

1st day of March, 2023.

                                                ADA BROWN
                                                UNITED STATES DISTRICT JUDGE